IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

General Casualty Company of    :
Wisconsin,

      Plaintiff,          :

  v.                           :    Case No. 2:10-cv-483

Nate Joseph, et al.,           :    MAGISTRATE JUDGE KEMP

      Defendants.         :


<u>OPINION AND ORDER</u>

    Plaintiff General Casualty Company of Wisconsin ("General
Casualty") filed this declaratory judgment action regarding
coverage under a commercial automobile insurance policy it issued
to KAZ Office Systems Specialists, L.L.C.  This Court's
jurisdiction arises from the parties' diverse citizenship.
Defendant State Automobile Mutual Insurance Company ("State
Auto") has filed a motion requesting the Court either to dismiss
or stay this case.  Responsive and reply memoranda have been
filed.  For the following reasons, the Court will grant the
motion to dismiss or stay as to the claim for declaratory relief
asserted against State Auto.

I.  <u>Background</u>

    The events which triggered the filing of this lawsuit began
with the death of Charles Rose, who died on October 10, 2006, as
a result of an accident which occurred on September 19, 2006.
His mother, Vivian Rose, was appointed as the administrator of
his estate, and subsequently filed a civil action in the Franklin
County, Ohio Court of Common Pleas in order to recover damages
for his death.  The third amended complaint filed in that case (a
copy of which is attached to General Casualty's complaint filed

in this case) alleges that on the date of his death, Mr. Rose was working as an independent contractor and was loading Masonite panels onto a cart owned by KAZ.  Ms. Rose's complaint asserts that KAZ negligently failed to train Mr. Rose or the others working that day about how to secure the cart to a hydraulic lift or that they needed to stand back when the cart was lifted into the air.  As a result, Mr. Rose pressed or leaned against the cart as it was being lifted, the cart fell on him, he suffered injuries including a broken leg and a fractured hip, and, fourteen days later, he died from those injuries.  The state court complaint also asserts claims against Brothers 3, Inc. (identified in General Casualty's amended complaint as Brothers 3, LLC) and one of its owners, Nate Joseph, based on Mr. Joseph's alleged negligence in operating the hydraulic lift.

Prior to the accident, General Casualty had issued a commercial automobile liability policy and an umbrella policy to KAZ.  When the state court action was filed, KAZ, Mr. Joseph, and Brothers 3 all tendered their defense to General Casualty.  General Casualty undertook KAZ's defense, is defending Mr. Joseph under a reservation of rights, and has denied both coverage and a defense to Brothers 3.  The state court case is still ongoing.

General Casualty has asked this Court to issue a declaration that Mr. Joseph is not entitled to a defense, or to coverage, on grounds that he is not an "insured" within the meaning of the policies issued to KAZ.  It seeks similar relief, for similar reasons, against Brothers 3.  General Casualty also requests that the Court declare that another insurer, defendant State Auto, does have a duty to defend and indemnify Mr. Joseph and a corresponding duty to reimburse General Casualty for the expenses it has incurred to date in defending him.  Finally, should the Court issue the requested relief, General Casualty also wants the Court to rule that Ms. Rose has no right to make any claim under

the policies in question.

## II.   The Motion to Dismiss or Stay

Although neither Mr. Joseph nor Brothers 3 has requested the
Court to delay or deny the entry of a declaratory judgment, State
Farm has done so.  In its motion, which Ms. Rose specifically
states she does not oppose (see Doc. #17), State Farm notes that
there are a number of motions pending in the Common Pleas Court
case which raise the issue of whether Mr. Joseph was an employee
or "borrowed servant" of KAZ (in which case he probably would
qualify as an insured under the policies at issue) or whether he
was acting as an independent contractor.  Those motions are still
pending.  Additionally, State Auto has filed a motion in the
Common Pleas Court case arguing that because the policy which
State Auto issued to Brothers 3 excludes coverage relating to the
use of motor vehicles, it owes no defense or coverage to either
Brothers 3 or Mr. Joseph.  According to State Auto, to have this
Court rule on some of the same issues would be both a waste of
judicial resources and would create the possibility, if not the
likelihood, of inconsistent adjudications of the issues, leading
to the imposition of inconsistent obligations on the parties.

In response, General Casualty recognizes that whether to
issue a declaratory judgment under circumstances like these is
discretionary with the Court.  However, citing to the Court of
Appeals' decision in Scottsdale Ins. Co. v. Roumph, 211 F.3d 964,
968 (6th Cir. 2000), which lays out five factors for the Court to
consider in exercising that discretion, General Casualty argues
that four of those five factors cut in its favor, and that the
Court should therefore decide this case despite the somewhat
related issues that are pending before the Common Pleas Court.
In reply, State Farm acknowledges that these factors are
pertinent, but disagrees with the way in which General Casualty
has analyzed them.  It thus becomes the Court's job to examine

-3-

all factors relevant to the exercise of its discretion and to
determine whether it is more appropriate to move forward with
this case, await a decision from the state court, or dismiss the
action altogether.

III.  <u>Discussion</u>

There is no dispute that, under 28 U.S.C. §1332(a), this
Court has the jurisdiction to decide the issues raised by General
Casualty's complaint, and that, at least since the passage of the
federal Declaratory Judgment Act in 1934, district courts have
had the power to issue declaratory relief.  Further, there are
some situations where the Supreme Court has determined that if a
district court has jurisdiction, it has an "unflagging
obligation" to exercise it.  <u>See Moses H. Cone Memorial Hosp. v.
Mercury Construction Corp.</u>, 460 U.S. 1, 15 (1983).  There has
been a good deal of slippage in that obligation, however, at
least in the context of actions for equitable relief where
complex federal constitutional issues and unresolved state law
issues co-exist, <u>see, e.g., Railroad Comm'n of Texas v. Pullman
Co.</u>, 312 U.S. 496 (1941), and, occasionally, in other sorts of
cases where considerations of comity and conservation of judicial
resources counsel in favor of abstention.  <u>See, e.g., Colorado
River Water Conservation District v. United States</u>, 424 U.S. 800
(1976).

However, in the context of declaratory judgment actions, the
Supreme Court has consistently recognized that obtaining the
issuance of a declaratory judgment from a federal court is not a
matter of right but a matter of discretion.  Thus, as early as
eight years after the Declaratory Judgment Act was passed, the
Supreme Court held that an insurance company which had properly
invoked federal court jurisdiction under the diversity statute
had no absolute right to an adjudication of its claims,
especially where state court litigation was pending and where

-4-

similar issues had been raised. Rather, under those circumstances, "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgment Act ... it was under no compulsion to exercise that jurisdiction" and a motion to dismiss such a case is therefore "addressed to the discretion of the court." Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942).

Without purporting to list a comprehensive set of factors for district courts to consider, the Brillhart court identified a number of issues that should be taken into account in deciding whether to exercise jurisdiction, including whether the issues "can better be settled in the proceeding pending in the state court," "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding...." Id. at 495. The court also noted that "[o]rdinarily, it would be uneconomical as well as vexations for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. Proceeding under those circumstances was described by the court as the "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation," a result which was to "be avoided." Id.

As it happened, however, the broad holding of Brillhart was subsequently brought into question by decisions such as Colorado River, a case in which the Supreme Court had stated that unless "exceptional circumstances" existed, a district court should ordinarily exercise the jurisdiction conferred upon it by Congress. A number of Courts of Appeals read that language as limiting the discretion of a district court to stay or dismiss a declaratory judgment action like the one filed in Brillhart (and

-5-

like the one pending here) to cases where some exceptional circumstance existed, and not simply where there might be some amount of overlap between the federal declaratory judgment action and pending state court litigation.

The Supreme Court rejected this cramped reading of Brillhart in Wilton v. Seven Falls Co., 515 U.S. 277 (1995). Although the Court acknowledged that, in Moses H. Cone Memorial Hospital, supra, it had refused to extend the holding in Brillhart beyond its original context - that is, to cases where relief other than declaratory relief was being sought - in Wilton, it affirmed Brillhart's premise that "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants" and reaffirmed the holding in Brillhart that district courts, even after Colorado River, retain broad discretion to decline jurisdiction in declaratory judgment cases and that a reviewing court may reverse that decision only for an abuse of discretion. Thus, there is a long history of judicial approval of the careful exercise of discretion in determining when, in the context of a declaratory judgment action which has parallels in pending state court litigation, the district court ought to proceed.

As in most cases, these general legal principles have been distilled into a number of separate but related inquiries, all of which are designed to assist the Court in determining the proper outcome of this type of case. For example, as the Court of Appeals noted Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000), even before the decision in Wilton, there were generally five factors which a district court should consider in deciding how to exercise its discretion in these types of cases. Those five factors are: (1) whether the judgment would settle the controversy; (2) whether the action for declaratory judgment

-6-

would serve a useful purpose in clarifying the legal relations at issue; (3) whether the remedy is being used merely for procedural fencing or to provide an arena for a race to res judicata; (4) whether the use of a declaratory action would increase the friction between federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.  See also Northland Ins. Co. v. Stewart Title Guaranty Co., 327 F.3d 448, 453 (6th Cir. 2003).  The district court in Roumph (with the apparent approval of the Court of Appeals) also considered additional factors, including

> 1. whether the underlying factual issues are important to an informed resolution of the case;

> 2. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

> 3. whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Roumph, 211 F.3d at 968.  The grant or denial of declaratory relief may be determined only after a full inquiry into all of these relevant factors.  Allstate Ins. Co. v. Green, 825 F.2d 1061, 1065 (6th Cir. 1987).

Here, only State Farm has actually moved the Court for dismissal or stay.  Although Ms. Rose has said she does not object to the motion, the Court cannot construe that non-objection as a separate motion.  Further, because neither Mr. Joseph nor Brothers 3 has filed a motion nor taken a position on State Farm's motion, the Court must necessarily limit its inquiry into whether it should accept or decline General Casualty's

-7-

request for a declaratory judgment as it relates to the claim
asserted against State Farm.  According to the complaint, that
claim is a request for a declaration that Mr. Joseph is an
"insured" under State Auto's policy; that State Auto, rather than
General Casualty, is obligated to defend Mr. Joseph in the state
court case; and that State Auto is required to reimburse General
Casualty for the defense costs it has incurred to date.

To shed some light on what the factual and legal issues are
which underlie General Casualty's request for declaratory relief
against State Auto, the Court looks both to the parties' briefs
and to the pleadings.  First, State Auto's answer states that it
has filed a declaratory judgment action in state court and that
its case has been consolidated with the suit filed by Ms. Rose.
The answer also raises the affirmative defense of lack of
coverage.  State Auto's motion explains in more detail the basis
of this defense.  According to the motion, the policy which State
Auto issued to Brothers 3 has an exclusion relating to the use of
motor vehicles.  The accident in which Mr. Rose was injured
involved equipment attached to a truck.  State Auto apparently
takes the position that since the truck was a motor vehicle, any
equipment attached to it also fell within that definition.

General Casualty appears not to dispute that the precise
coverage issue arising under State Auto's policy is the subject
of state court proceedings.  Indeed, a review of the state court
docket, which is available online at http://fcdcfcjs.co.franklin.
oh.us/CaseInformationOnline shows that a summary judgment motion
on this exact issue is pending and fully briefed in Case No. 08
CVH 15663 (consolidated with Case No. 08-CVH 009468).  In its
response to the motion to dismiss, General Casualty disputes the
claim that this issue could be subject to inconsistent judgments,
calling that assertion "baseless."  Response to Motion to
Dismiss, Doc. #18, at 3.  The following sentence contains a

-8-

disclaimer that General Casualty is attempting to litigate that issue here; it states that "General Casualty has taken no position with respect to whether State Auto owes coverage except for the fact that *if* indeed State Auto owes coverage, General Casualty is entitled to a reimbursement of all fees that it has paid in defense of Nate Joseph under its reservation of rights."

If that is truly the scope of General Casualty's claim for declaratory relief against State Auto, the Court's analysis of the various factors relating to the propriety of declaratory relief need not be extensive.  If General Casualty is not asking for this Court to decide the coverage issue under the State Auto policy, but only the impact of a state court decision about such coverage, there would be no conflict presented between the coverage issue pending in the state court - at least as it relates to State Auto - and the issue presented here.  Further, the issue for this Court to decide would not appear to involve any factual questions being addressed in state court, such as whether Mr. Joseph was engaged in the operation of a motor vehicle, nor any legal issues, such as whether the motor vehicle use exclusion in State Farm's policy is ambiguous.  Those issues are exclusively for the state court to decide.  Any decision from this Court would therefore not create needless friction - or, indeed, any friction - with the state court, would not involve any duplication or waste of effort, and present no concerns about a race to the courthouse.  Further, the declaration being sought - that if State Farm owes coverage to Mr. Joseph, it also must reimburse General Casualty for its defense of Mr. Joseph - would end the controversy between those parties.  Thus, to the extent that General Casualty is limiting the scope of the relief requested against State Auto to that issue alone, the various factors set forth above do not favor stay or dismissal.

However, by limiting its request for relief in this fashion,

General Casualty has raised a second issue which the parties have not addressed.  The state court has not yet issued a decision on coverage under the State Farm policy.  A decision against coverage would moot any claim by General Casualty for reimbursement.  It is only if a decision is made favoring coverage that there would be something to adjudicate here, at least between General Casualty and State Farm, and even then, the parties may not have a dispute about the interpretation of the policy.  In other words, it is not yet clear if the parties will ever have a live controversy to present to the Court. Consequently, it appears that any request for declaratory relief premised upon a finding that State Farm owes a defense to Mr. Joseph is premature, and that portion of this case is not ripe for adjudication.

Ripeness is a concern of constitutional dimension.  Article III, Section 2 of the Constitution only allows a court to decide "cases and controversies," - and ripeness is a frequent issue in declaratory judgment actions.  28 U.S.C. §2201(a) reinforces that concept by giving the Court the power to enter declaratory relief only in "[a] case of actual controversy," language that has been interpreted to be co-extensive with the similarly-worded constitutional requirement.  See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937).  The fundamental purpose of the ripeness doctrine is "to prevent the courts, through premature adjudication from entangling themselves in abstract disagreements."  Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580 (1985).  To be ripe, a claim for declaratory relief must both present an issue which is appropriate for judicial review and present that issue under circumstances where denying review would impose hardship upon the party seeking review.  See, e.g., United Steelworkers of America, Local 2116 v. Cyclops Corp., 860 F.2d 189, 194 (6th Cir. 1988).

Here, a request for declaratory relief which asks the Court either to construe some provision of an insurance policy or to decide the rights of insurers with competing policies is certainly the type of issue which a Court can adjudicate, so in that sense the issue presented by General Casualty is "fit" for adjudication.  However, as the Court has already pointed out, it is not yet ready for adjudication because it depends upon how the state court rules on the coverage issue.  Further, General Casualty will suffer no hardship if the Court withholds adjudication; the Court could not decide the issue now if it wanted to, because the first precondition for deciding the matter - the issuance of the state court ruling on coverage - has not yet occurred.  Further, there is no assurance that there will ever be a need to decide the issue.  If there is no coverage under the State Auto policy, General Casualty has no claim for reimbursement; if there is, State Auto may not contest that claim.  Any decision the Court would attempt to make now would have no real-world consequences and would simply be an abstract determination of a hypothetical question.  Thus, there does not seem to be a real controversy as between State Auto and General Casualty which the Court can or should decide, and the ripeness doctrine therefore mandates a dismissal of that claim without prejudice.

## IV.  Conclusion and Order

The Court wants to make very clear the scope of this decision.  The motion to dismiss or stay filed by State Auto (#15) is granted, but for reasons other than those advanced in the motion.  The Court, aided by General Casualty's memorandum, construes the complaint as stating only one claim against State Auto: that if the state court determines that Mr. Joseph is an insured under the State Auto policy, General Casualty is entitled to be reimbursed for the expenses it has incurred in defending

Mr. Joseph in the state court litigation.  The Court holds that this claim is not ripe for adjudication and it is therefore dismissed without prejudice to its reassertion should it ever become ripe for adjudication.  All other claims in this case against all other defendants are not and were not the subject of any motion, and those claims therefore remain as pleaded.

/s/ Terence P. Kemp
United States Magistrate Judge